**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Noyes CU Permit**                                    **Docket No. 98-7-11 Vtec**
**(Appeal from Town of East Montpelier Development Review Board decision)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: September 26, 2011

Filed By: Applicants/Appellants Steven and Janet Noyes

Response in Opposition filed on 10/19/11 by Town of East Montpelier

Reply filed on 11/03/11 by Appellants Steven and Janet Noyes

___ Granted                    _X_ Denied                    ___ Other

Steven and Janet Noyes ("Applicants") have appealed a decision of the Town of East Montpelier Development Review Board ("the DRB") denying their application for a zoning permit following site plan and conditional use review.  Applicants own a 3.8± acre parcel in the Town of East Montpelier, Vermont ("the Town") located in two zoning districts: the Industrial District and the Conservation Areas Overlay District (in particular, the Conservation Overlay Aquifer Protection Area S).  The parcel currently contains a warehouse and four rental storage buildings.  Applicants propose to convert a portion of the warehouse into two residential apartments, each with two stories, two bedrooms, and additional front windows.

Applicants now move for summary judgment, arguing that they are entitled to a zoning permit under the East Montpelier, Vermont Land Use & Development Regulations ("the Regulations"), as last amended on October 18, 2010.  The Town opposes their motion, arguing that the proposed development is neither a permitted nor a conditional use in the Industrial District, and that Applicants are therefore not entitled to a permit.

In addressing a motion for summary judgment, the Court first inquires whether there is a "genuine issue as to any material fact."  V.R.C.P. 56(c)(3); see also V.R.E.C.P. 5(a)(2).  That is, the Court must determine whether there are material facts in dispute or absent from the record.  If we find none, we then must ask whether the moving party is entitled to judgment as a matter of law.  See V.R.C.P. 56(c)(3).  In this de novo proceeding on their zoning permit application, Applicants bear the burden of proof to show that they are entitled to the zoning permit.  Because Applicants' pending motion seeks judgment on their appeal in its entirety, we must find that Applicants have met this burden before we can rule in their favor.

Applicants here appeal the DRB's conclusion that their proposed development is neither a permitted nor a conditional use—in other words, the DRB found the development is a prohibited use—in the applicable zoning districts.  In seeking summary judgment, Applicants do not argue that their proposed development qualifies as a permitted use; rather, they argue that it is a conditional use.  However, under Regulations § 5.1, if the DRB (or this Court on

appeal) finds that a use qualifies as a conditional use, the DRB (and this Court) must then complete site plan and conditional use review and approval in order for the underlying application to be granted. See 10 V.S.A. § 8504(h); 24 V.S.A. §§ 4414(3), 4416.[1] Additionally, the DRB and this Court must determine whether the proposed development complies with all applicable district-specific and general development standards. See Regulations §§ 2.3(B), 3.1, 4.10(A)(3).

Although Applicants bear the burden of proof, they have not put forward sufficient allegations for us to determine that their proposed development meets the standards for site plan and conditional use review or for the applicable zoning districts. Consequently, we must **DENY** their motion for summary judgment in so far as it requests that we conclude that they are entitled to a zoning permit as a matter of law. We now consider whether they are entitled to partial summary judgment based on their argument that the proposed development qualifies as a conditional use.

The Regulations state that any use allowed in the Industrial District is also considered a conditional use in the Conservation Areas Overlay District. See Regulations § 2.3, Table 2.6 (establishing that "[a]ll other uses allowed within the underlying zoning district" are considered conditional uses in the Conservation Areas Overlay District). Thus, the pertinent question is whether Applicants' proposed development qualifies as a conditional use in the Industrial District. Applicant's proposal is to convert a portion of the existing warehouse into two residential apartments, thus creating a building with multiple uses, existing on a parcel of land that would also contain four existing rental storage buildings.

Under Regulations § 4.10, "[i]n designated zoning districts, more than one principal use may be allowed within a single building, or on a single lot," provided other provisions are met, including that each of the proposed uses is "allowed as a permitted or conditional use within the zoning district in which the mixed use is located." Reinforcing this portion of the Regulations is the inclusion of "mixed use" as an allowed conditional use in Industrial District Zone B. Regulations § 2.3, Table 2.2. The definition of mixed use is "[a] building or parcel containing two (2) or more principal uses which are otherwise allowed as permitted or conditional uses in the district in which the building or parcel is located." Regulations § 8.2.

Applicants argue that their proposed development will create a "mixed use" building consisting of the permitted use of "warehouse storage" plus a new conditional use that either qualifies as two "single-family dwellings" or fits the requirements of the use described in Regulations § 2.3, Table 2.2(C)(16). The conditional use described in Table 2.2(C)(16) is "[a]ny other use the Development Review Board determines to be similar in scale, intensity and potential impact as other uses allowed as permitted or conditional uses in this district." The Town argues, in opposition, that the two proposed apartments should be thought of as one "two-family dwelling," and that such use is prohibited in the Industrial District.

---

[1] Although the DRB's decision states that the DRB completed site plan and conditional use review, the decision does not include any specific factual findings and legal conclusions regarding the proposed development's compliance with the standards listed in Regulations § 5.3 and § 5.4. More importantly, it is unclear why the DRB completed such a review when it also determined that the proposed development was not, in fact, a conditional use, but rather was prohibited. Because site plan and conditional use review are only conducted for uses allowed in a district, we conclude that questions of compliance with the standards for site plan and conditional use review are properly before us in this appeal.

Applicants are the moving party here and bear the burden of proof, but they have not provided us with sufficient allegations to determine that their proposed development qualifies as a mixed use.  In particular, Applicants have failed to provide us with facts regarding whether their proposed development is similar in scale, similar in intensity, and similar in potential impact as one single-family dwelling or other allowed use.[2]  Because we cannot find in Applicants' favor based on the record before us, we must **DENY** their motion for summary judgment.

We direct the parties to review the standards in the Regulations applicable to Applicants zoning permit application in preparation for trial.  It is also ordered that, by **Friday, December 30, 2011**, the parties shall notify the Court, in writing, of their unavailable dates in the months of February and March, 2012 for a trial at the Environmental Division Courthouse.  They should also indicate in their letter the number of trial days they anticipate will be necessary for a full presentation of the evidence from all of the parties.  The Court will thereafter notify the parties of the trial date or dates.

_____                    _____December 12, 2011_____
                Thomas S. Durkin, Judge                                              Date
================================================================================
Date copies sent to: _____                                    Clerk's Initials _____
Copies sent to:
    Attorney Paul S. Gillies for Appellants Steven and Janet Noyes
    Attorney Bruce Bjornlund for Interested Person Town of East Montpelier

---

[2] Although it appears that the proposed development is more aptly characterized as one two-family dwelling rather than two single-family dwellings, we do not foreclose Applicants from making arguments regarding the proper characterization of their proposed development at trial.